IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YONGXIN LU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD 06-1105[1] |
| | ) | |
| JAMAL JOHNSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is the question of whether Plaintiff has properly made a demand for a trial by jury. The Court heard oral argument on February 4, 2010, and allowed the parties to submit additional material on the subject thereafter. On this record, the Court finds that Plaintiff made a sufficient demand for a jury trial. Alternatively, the Court will allow a trial by jury under its discretionary authority by rule.

### I.  Background

In this matter, Plaintiff had the opportunity to demand a jury trial in a conventional fashion under two sets of the procedural rules. He could have done so when the case was filed in State court, or he could have done so when the matter was removed to federal court. However, it is the mysterious interplay between these two sets of rules that allows Plaintiff to obtain indirectly what he failed to demand in a more traditional sense.

---

[1] Counsel are urged to modify future written communications with the Court to reflect the change of initials for this case from "RWT" to "CBD."

The starting point for this problem can be traced to the original filings in the State court. Maryland Rule 2-325 requires a written demand either as a "separate paper" or "separately titled" at the conclusion of a pleading and immediately preceding any required certificate of service. It appears that the requirement of the State rule for the demand to be on a "separate paper" or "separately titled" is to clearly articulate for the benefit of the court and litigants, the party's intent to exercise the constitutional right to a jury trial. By either method, the demand is given a heightened position of visibility in the earliest pleadings of a case. The primary interest is the need to provide fair and prompt notice to all litigants. Plaintiff did not demand a jury trial by way of a "separate title" in his Complaint or in any of his several amended versions. Accordingly, he is left with the argument that he has satisfied the "separate paper" requirement.

Plaintiff contends that by completing, filing and serving a copy of the "Civil Non-Domestic Case Information Report" ("Case Information Report") he has satisfied the Rule. It is on this form, that Plaintiff checked a box indicating his desire to have a jury trial. Without doubt, this form is principally for the administrative benefit of State court. However, neither the parties, nor the Court, have uncovered any controlling authority in Maryland condemning or supporting the notion that the State court would find the filing of this administrative document to be sufficient for the purpose of demanding a trial by jury. Nonetheless, Plaintiff has stumbled upon a fortunate result in federal court.

The Case Information Report by its terms must be completed and attached to the Complaint. It also states that "a copy must be included for each Defendant to be served."[2] More

---

[2] Plaintiff argues that by this language, this form is then required to be "served" on each Defendant. The Court takes no position on the intent of this sentence.

affirmatively Plaintiff states, and Defendants do not dispute, that service of the Report was made upon each Defendant at the time of service of the Complaint or the Second Amended Complaint.[3]

In May 2006, when Defendants removed this matter to federal court, Defendants completed a Civil Cover Sheet, which is the federal court equivalent of the Case Information Report. Plaintiff was not required to complete a Civil Cover Sheet. On the federal form, Defendants indicated that no jury demand was made in response to the direction of the form which stated "CHECK YES only if demanded in the complaint" (emphasis in the original). Defendants completion of the form was completely proper.

On December 5, 2006, Defendants Neumer and Johnson filed their Status Report and indicated that discovery was complete, and more importantly noted that "Plaintiff has requested a Jury Trial in this matter, and Defendants anticipate that Trial would last three (3) days." The following day, Plaintiff filed his Status Report reaffirming his request for a jury trial. A third Defendant was added by way of a Second Amended Complaint several months later.

## II.     Discussion

### A.  Plaintiff is Entitled to a Jury Trial Under Rule 38.

Federal Rule of Civil Procedure 38 spells out the requirements for a proper jury demand in the federal court. It requires the service and filing of a written demand in a timely fashion. Again, Plaintiff points to the Case Information Report which was filed in federal court as part of the documents transmitted at the time the case was removed. While lacking in form, the Case

---

[3] Interestingly, under Maryland Rule 2-323(h), Defendants are charged with filing their own Case Information Report if: (1) Plaintiff has failed to file such; (2) Defendants "disagree with anything" in Plaintiff's Report; (3) Defendants disagree with the case management track selected; or (4) if Defendants expect to file a counter-claim, cross-claim or third party claim. The inference which flows from the burdens of the Rule are that Defendants were aware of the filing by Plaintiff and that Defendants did not "disagree with anything" in Plaintiff's report.

Information Report satisfies the substance of the federal rules regarding jury demands when timely filed and served upon an opposing party.

The federal case law on this issue reflects a healthy split of authority, with no controlling authority from the Fourth Circuit Court of Appeals. The Court has reviewed all of the decisions referred to by the parties, but for sake of simplicity will confine the analysis here to those relied upon by Defendants.

In large measure, the authorities relied upon by Defendants state that merely checking a box on a civil cover sheet is insufficient as a demand for a jury trial. See Cochran v Birkel, 651 F.2d 1219 (6th Cir. 1981); and Wall v. National Railroad Passenger Corp., 718 F.2d 906 (9th Cir. 1983). The cases make clear that a civil cover sheet is merely "designed to facilitate the court's management of a trial and is not served on the opposing party." Id., at 909. But therein lies the difference. Here, the Case Information Report was in fact served on the opposing parties. This principle is likewise controlling in Biesenkamp v Atlantic Richfield Co., 70 F.R.D. 365 (E.D. Pa. 1976); Winant v Carefree Pools, 118 F.R.D. 28 (E.D.N.Y. 1988); and Omawale v. WBZ, 610 F.2d 20 (1st Cir. 1979). Again, the penultimate concern is the need to provide fair and prompt notice to all litigants. Here, Defendants were provided fair and prompt notice of Plaintiff's request for a jury trial, as stated in their December 5, 2006 Status Report. Defendants raised no objection or other concern.

While intuitively, this Court agrees with the position of Defendants that the Maryland Rule in practice has always meant the filing of a separate paper and not merely an administrative form in order to a demand a trial by jury. On these facts however, the Court cannot conclude that Plaintiff has waived his right to a trial by jury by inaction. As stated by the Supreme Court, a trial

4

by jury is fundamental and the courts will indulge every reasonable presumption against a waiver. Aetna Ins. Co. v Kennedy, 301 U.S. 389 (1937); Granite Rock Co. v. International Broth. of Teamsters, 402 F. Supp. 2d 1120 (N.D. Cal. 2005).

**B.   The Court Grants Plaintiff a Jury Trial Under Rule 39.**

In the last paragraph of Plaintiff's submission, he asks the Court to invoke its discretionary authority and to grant Plaintiff's request for a jury trial.  Defendants counter this request while relying upon Eleventh Circuit law.  This Court is bound to follow Fourth Circuit law, and grants Plaintiff the alternative relief.

If a party has failed to make a proper demand for a jury trial, Fed. R. Civ. P. 39(b) gives the Court the discretion to order a jury trial on any issue for which a jury might have been demanded.  Clearly, Plaintiff has the right to a jury trial in this action alleging police misconduct. In its exercise of discretion, the Court is to consider the four factors found in Malbon v Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936 (4th Cir. 1980).

> The factors which courts have weighed when deciding whether to grant a jury trial under Rule 39(b) include (1) whether the issues are more appropriate for determination by a judge or jury (i.e. factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

Id. at 940 n.11 (citations omitted).

As to the first factor, the complexity of the case, this is very unlike the "complicated and difficult" patent case before the Court in General Tire & Rubber Co. v. Watkins, 331 F.2d 192 (4th Cir. 1964), cert. denied, 377 U.S. 952 (1964).  The Court concluded that jurors typically have no experience with matters such as the state of the art, whether an improvement or an advancement

for a patent had occurred, or whether there had been an anticipation of a patent.  The jurors would also have been faced with a mass of depositions and documents, as well as additional instructions immediately following the conclusion of the case.  In the present case, the issues are extremely simple by comparison and involve questions that jurors of our times are quite familiar with.  Principally the question will be one of the exercise of reasonable force.  The paper trail is not dense, and the claims lie only against the named officers.

The second factor is the degree of prejudice to Defendants.  For this factor, the Malbon court looked to only one decision for instruction, namely Washington County Ins. Co. v. Wilkinson, 19 F.R.D. 177 (D. Md. 1956).  In considering the question of prejudice, the Washington County court noted that "where issues are predominantly factual rather than legal there is more reason for the liberal exercise of the discretion to grant a jury trial."  Id. at 178.  From my vantage point, the same is true in the case at bar.   Unlike Washington County, the present case is not a breach of contract action, sounding in agency or insurance law.  Defendants contend that their legal strategy was developed with a bench trial in mind.  While probably true, this Court does not envision a vast distinction in approach in light of the heavy dose of factual issues.  The mere fact that "lengthier discovery" could have occurred is not the functional equivalent of prejudice.  On the other hand, Defendants' Status Report reflecting knowledge of Plaintiff's desire for a jury trial undercuts any notion of surprise and the attendant claim of prejudice.

The third factor is the timing of the motion.  This factor favors Defendants in that the trial is slated to begin in slightly more than 4 weeks.  This factor would be more damning if Plaintiff had no basis whatsoever to support his belief of making a proper jury demand, such as in the

instance of mere inadvertence or oversight.  But a fuller context of the genesis of this issue is that on January 27, 2010, the Court held a telephone conference with the parties for the purpose of scheduling.  It was at that time that the Court discussed with counsel deadlines for the submission of voir dire, jury instructions, and the expected length of the trial.  All of these topics were in the context of a discussion about starting a jury trial.  The Court even mentioned that jury trials only begin on Tuesdays in the Southern Division, and the first available Tuesday was coordinated with counsel's calendars.   The same day, the Court issued a Letter Order setting forth with greater specificity the expectations regarding jury preparations, and memorializing the parties' representation that this matter was to be a "three-day jury trial."  It was in the days following the issuance of the Letter Order that Chambers was advised of Defendants' belief that the matter should be a bench trial.  Given these exchanges, it was surprising to the Court (and apparently to Plaintiff) that a potentially imperfect jury demand had been made.  While on balance, this factor tips in favor of Defendants, it does not carry controlling weight in light of these facts.

      The final factor is the affect upon the Court's docket and the orderly administration of justice.  The Court's docket was set for the express purpose of conducting a jury trial.  Counsel assisted the Court in that process.  Various deadlines are in place and counsel are proceeding within expectations.  This factor is either in favor of conducting the jury trial as planned, or a neutral non-factor.  Accordingly, the Malbon analysis leads this Court to conclude that it would be a proper exercise of discretion to grant the request for a jury if the Court found that Plaintiff waived his right to a jury trial.

### III.     Conclusion

For the reasons set forth above, the Court will direct the Clerk's Office to continue to schedule this matter for a trial by jury.  The Court will enter a separate Order consistent with this opinion.

February 19, 2010                                                   /s/
                                                                       Charles B. Day
                                                                       United States Magistrate Judge

CBD/bab